[L. A. No. 423.   Department Two.—August 12, 1898.]

ANNETTE THAXTER, Appellant, v. WHEELER M. INGLIS et al., Respondents.

BOUNDARY—AGREEMENT UPON LINES—UNCERTAINTY.—Uncertainty as to the location of a common boundary between adjoining owners is a sufficient foundation for their agreement upon certain lines as and for such boundary.

ID.—DISPUTE—IMMATERIAL FINDING.—In an action concerning the boundary of adjoining tracts, where the court found that the owners thereof agreed upon certain lines in order to determine a dispute and uncertainty between them, and that they and their successors thereafter claimed and occupied their respective tracts up to such lines for nearly fifteen years, the finding as to the uncertainty is sufficient to sustain a judgment establishing the lines agreed upon, and it is immaterial that the finding as to the dispute is unsustained by the evidence.

ID.—EVIDENCE—DECLARATIONS OF OWNER.—Declarations of an owner of one of the adjoining tracts under whom the plaintiff claimed, to the effect that the agreed location of the boundary was provisional and subject to future correction, not made in the presence of the defendants, or of their predecessors in title, and not being against interest, are inadmissible for the plaintiff.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial.   Walter Van Dyke, Judge.

The facts are stated in the opinion.

E. E. Bacon, for Appellant.

James Burdett, for Respondents.

BRITT, C.—This action concerns the boundary between adjoining tracts of agricultural lands.   The quantity of land in dispute seems to be less than the tenth part of an acre.   Plaintiff derives title through one A. W. Thaxter, now deceased; defendants' land was formerly the property of one John Willey. The court found in substance that in the year 1881 said A. W. Thaxter and John Willey, in order to determine a dispute and uncertainty between them respecting the common boundary of said lands, fixed and agreed by parol upon certain lines as and for such boundary, and that they and their successors in interest

thereafter claimed and occupied their respective tracts up to the lines as so established during a period of nearly fifteen years, and until a time shortly before the commencement of this action, when the plaintiff repudiated the same. Defendants abide by such agreed boundary, and judgment was in their favor.

On appeal, the plaintiff argues that the evidence did not justify said findings. The finding of a dispute between said former owners was perhaps scarcely sustained by the evidence, but it is immaterial; there was uncertainty as to the location of the boundary, and this was sufficient foundation for their agreement. (*Helm v. Wilson,* 76 Cal. 485.) Less conflict appears in the evidence regarding said agreement and the subsequent occupancy conforming thereto than is common in such cases, and the finding was in accord with the preponderance of the same. The judgment following thereon was right. (*Cavanaugh v. Jackson,* 91 Cal. 580.)

It is said that the court erred in excluding evidence of subsequent declarations of said A. W. Thaxter to the effect that the location of the boundary was provisional and subject to future correction; these declarations were not against interest and were not shown to have been uttered in the presence of defendants or of their predecessor in title; they were properly excluded from consideration. (See Code Civ. Proc., secs. 1849, 1853.) The judgment and order denying a new trial should be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are affirmed.

Harrison, J., Garoutte, J., Van Fleet, J.